UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q WEBB,

        Petitioner,

v.

STATE OF WASHINGTON,

        Respondent.

CASE NO. 3:19-CV-05561-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

The District Court has referred this action to United States Magistrate Judge David W. Christel. On June 19, 2019, Petitioner David Q. Webb, a pre-trial detainee housed at Kitsap County Jail, filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner paid the filing fee on July 9, 2019 and, on July 11, 2019, Petitioner filed an Amended Petition. *See* Dkt. 5. The Court has reviewed the Amended Petition and the Amended Petition appears moot and is unexhausted. Further, it is inappropriate for the Court to intervene in this case. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by September 6, 2019.

ORDER TO SHOW CAUSE OR AMEND - 1

## I. Background

In the Amended Petition, Petitioner contends his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated related to his pending state criminal proceedings. Dkt. 5. Petitioner requests the Court dismiss the criminal cases pending against him and admonish Kitsap County, the Port Orchard Police Department, and the Gig Harbor Police Department. *Id*. Petitioner, however, states the charges against him have been dismissed. *Id*.

## II. Discussion

### A. *Moot*

Petitioner's claims arise from his state criminal proceedings and Petitioner requests the Court dismiss the criminal charges against him. Dkt. 5, p. 38. A pretrial detainee is not a "person in custody pursuant to the judgment of a State Court" within the meaning of § 2254(a); however, habeas corpus jurisdiction arises pursuant to 28 U.S.C. § 2241(c)(3), for prisoners whose custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

For a federal court to have jurisdiction over a case, there must be an actual case or controversy at the time the case is decided. *See Preiser v. Rodriguez*, 422 U.S. 475, 401 (1973) (citations omitted) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). If a party seeking relief cannot obtain the requested relief, that claim is moot and must be dismissed for lack of jurisdiction. *Ruvalcaba v. City of L.A.,* 167 F.3d 514, 521 (9th Cir. 1999).

Here, Petitioner requests the Court dismiss his state criminal charges. Dkt. 5, p. 38. However, he admits the state criminal charges against him have been dismissed. *See id*. at pp. 35-37; 48-49, 62-63. As the criminal charges have been dismissed, Petitioner cannot obtain the

requested relief, making the claims in the Amended Petition moot. Thus, Petitioner must show cause why this case should not be dismissed for lack of jurisdiction. *See Ayala v. Presiding Judge of Superior Court of California Cty. of San Bernardino*, 2014 WL 2608130, at *3 (C.D. Cal. May 5, 2014), *report and recommendation adopted*, 2014 WL 2608125 (C.D. Cal. June 10, 2014).

    B.  Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

C. *Younger* Abstention

Petitioner's case may also be inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, some of Petitioner's claims appear to implicate *Younger*. First, Petitioner is a pre-trial detainee with ongoing state proceedings. While he states the charges have been dismissed against him, he is still being housed at the Kitsap County Jail. *See* Dkt. 5. Thus, if the charges have not been dismissed, Petitioner's state proceedings are ongoing. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Petitioner raises some claims that would effectively enjoin the ongoing state judicial proceeding. For example, Petitioner challenges the evidence and the charges against him, which could implicate *Younger*. However, Petitioner also alleges his bail is excessive in violation of the Eighth Amendment, which may not

require the federal court to abstain from hearing this case. *See Arevalo*, 882 F.3d at 766 (finding *Younger* abstention not appropriate where the issues raised challenged a bail hearing). As the *Younger* abstention may apply to several of Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

      D.  <u>Conditions of Confinement</u>

The Court notes Petitioner may be attempting to challenge the conditions of his confinement, not his physical confinement itself. If he is attempting to challenge the conditions of his confinement, Petitioner must file a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

**III.**    **Instructions to Petitioner and the Clerk**

If Plaintiff intends to pursue this § 2241 habeas action, he must file response to this Order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended petition will act as a complete substitute for the Petition and Amended Petition, and not as a supplement.

If Plaintiff fails to adequately address the issues raised herein or file an amended pleading on or before September 6, 2019, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and forms for filing a civil rights complaint.

Dated this 6th day of August, 2019.

                                              David W. Christel
                                              United States Magistrate Judge