UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>        Petitioner,<br><br>   v.<br><br>GARY SIMPSON,<br><br>        Respondent. | CASE NO. 3:19-CV-5561-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 24, 2020 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner David Q. Webb initiated this case on June 19, 2019, by filing a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. *See* Dkt. 1. The Court concludes Petitioner failed to properly exhaust his state court remedies. Therefore, the Court recommends the Second Amended Petition be dismissed without prejudice and a certificate of appealability not be issued.

**I.      Background**

In the Second Amended Petition, Petitioner, a pre-trial detainee housed at Kitsap County Jail, challenges his custodial status and alleges violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights related to his arrest and pre-trial detention. Dkt. 9.

On October 21, 2019, the Court directed the Clerk's Office to serve the Second Amended Petition on Respondent and directed Respondent to file a return as provided in 28 U.S.C. § 2243. Dkt. 16. On November 8, 2019, Respondent filed a Return and Memorandum of Authorities ("Answer") and the relevant state court record. Dkt. 26, 27. Petitioner filed his Response to the Answer on December 4, 2019, and, on December 6, 2019, Respondent filed a Reply to Petitioner's Response. Dkt. 29, 30.

## II.     Discussion

### A.  *Challenges to Physical Custody*

In the Answer, Respondent asserts Petitioner has failed to exhaust his state court remedies. Dkt. 26. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971).

Here, the record shows Petitioner is a pre-trial detainee being held on a $25,000 bail on Kitsap County District Court Cause No. 23428401. Dkt. 27, pp. 43-44. Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive

1 | bail and his right to a speedy trial. Dkt. 5. The record fails to show Petitioner has availed himself
2 | of any state court remedies. Rather, Petitioner asserts that orders of dismissal in his superior
3 | court case were used to circumvent adjudication of his pending motions. *See* Dkt. 10. Petitioner,
4 | however, does not allege he was unable to file motions related to the alleged constitutional
5 | violations in either the superior court or district court of Kitsap County. *See* Dkt. 10, 30. He also
6 | does not allege he has been unable to appeal any orders or decisions issued by the state superior
7 | or district courts related to his claims. *See* Dkt. 9, 10, 30. Petitioner has not shown there is an
8 | absence of available state corrective processes or that circumstances exist rendering any state
9 | process ineffective. Rather, Petitioner merely appears dissatisfied with the state court process.
10 | Accordingly, the Court finds Petitioner has not shown there are no state court remedies available to
11 | him. *See Florer v. Hoffman*, 2015 WL 5299004, at *7 (D. Haw. Sept. 8, 2015) (noting the § 2241
12 | claims were unexhausted and the record did not show proven harassment, that the prosecution
13 | was undertaken in bad faith, or any other extraordinary circumstance).

14 | Petitioner also asserts this Court already determined he exhausted his state court remedies
15 | when it directed service of the Second Amended Petition. *See* Dkt. 30. The Court, however,
16 | made no findings regarding whether Petitioner exhausted his claims. *See* Dkt. 16. The Court
17 | merely determined Petitioner had plead enough facts to warrant service of the Second Amended
18 | Petition.

19 | As Petitioner has not shown he has exhausted his state remedies or that there are no state
20 | court remedies available, the Court finds the Second Amended Petition has not been exhausted.
21 | *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) ("the District Court should withhold relief in this
22 | collateral habeas corpus action where an adequate remedy available in the criminal proceeding
23 | has not been exhausted); *Williams v. Los Angeles Superior Court*, 2014 WL 2533804, *4 (C.D.
24 |

Cal. June 4, 2014) (finding petitioner failed to exhaust his remedies and was not entitled to relief under § 2241 where he did not seek any relief in the state court of appeals or state supreme court).[1]

B.  *Challenges to Conditions of Confinement*

To the extent Petitioner is attempting to challenge the conditions of his confinement, not his physical confinement itself, Petitioner must file a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). Therefore, the Court recommends any challenges to his conditions of confinement be dismissed.

**III.  Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record.

---

[1] As the Court concludes Petitioner has failed to exhaust available state remedies, the Court declines to consider Respondent's remaining arguments. *See* Dkt. 26.

REPORT AND RECOMMENDATION - 4

### IV. Certificate of Appealability

A state prisoner who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) to challenge process issued by a state court. *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Second Amended Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a COA with respect to the Second Amended Petition. If Petitioner believes the Court should issue a COA, he should set forth his reasons in his objections to this Report and Recommendation.

### V. Conclusion

For the foregoing reasons, the Court recommends Petitioner's Second Amended Petition (Dkt. 9) be dismissed without prejudice. The Court also recommends a COA not be issued. As Petitioner has not exhausted available state remedies, the Court finds an appeal would not be taken in good faith and, thus, recommends denying any request to proceed *in forma pauperis* on appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

1 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
2 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 24,
3 2020, as noted in the caption.

4    Dated this 6th day of January, 2020.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6