UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>                     Petitioner,<br><br>   v.<br><br>GARY SIMPSON,<br><br>                     Respondent. | CASE NO. C19-5561 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 31, and Petitioner's emergency motion pursuant to *Perez v. Ledesma*, 401 U.S. 82 (1971) and *Moore v. Sims*, 442 U.S. 415 (1974), Dkt. 32.

Petitioner David Q. Webb ("Petitioner"), a pre-trial detainee incarcerated in the Kitsap County Jail, filed this federal habeas action pursuant to 28 U.S.C. § 2241. Dkt. 1. When Petitioner initiated this action, his underlying criminal case was ongoing in state court. *Id.*; *see also* Dkt. 32 (indicating state case was active as of January 7, 2020).

On January 6, 2020, Judge Christel issued the R&R recommending that Petitioner's federal petition be dismissed without prejudice for failure to exhaust state remedies. Dkt. 31. In relevant part, Judge Christel concluded that "[t]he record fails to

show Petitioner has availed himself of any state court remedies." *Id.* Judge Christel also

noted that nothing prevents Petitioner from filing motions or appeals in the state court,

and therefore he has not shown an absence of available state corrective process. *Id.*

On January 7, 2020, Petitioner filed an emergency motion pursuant to *Perez v.*

*Ledesma*, 401 U.S. 82 (1971) and *Moore v. Sims*, 442 U.S. 415 (1974). Dkt. 32.

Petitioner states that his "circumstances have become extremely untenable" and alleges

that he is being prosecuted in bad faith causing extreme harassment and irreparable

injury. *Id.* at 1. On January 14, 2020, the Government responded. Dkt. 33. On January 27,

2020, Petitioner filed an untimely reply. Dkt. 35.

In this case, the Court agrees that Petitioner has failed to exhaust state court

remedies and failed to establish an absence of state corrective process. Therefore, the

Court adopts the R&R in full.

Petitioner's emergency motion cites Supreme Court precedent presumably in favor

of authorizing this Court's intervention in his state criminal matter. Dkt. 32. The Court,

however, does not reach the merits of this issue because the record reveals that on

February 3, 2020, after the date Petitioner filed his emergency motion and untimely reply,

the Kitsap County District Court for the State of Washington entered an order dismissing

all counts against him with prejudice on motion of the prosecuting attorney. *See*

*https://www.kitsapgov.com /dc/Pages/ecourt_ Search.aspx,* populated with search terms

for case no. 23428401, last visited February 4, 2020. The Court takes judicial notice of

Petitioner's state court records. *Shetty v. Wells Fargo Bank, NA*, 696 F. App'x 828, 829

(9th Cir. 2017) (district court did not abuse discretion by taking judicial notice of state

1   court proceedings). Because the record demonstrates that Petitioner's state case has been

2   dismissed, there is no longer a live controversy warranting this Court's potential

3   intervention.

4        Accordingly, the Court having considered the R&R, Petitioner's emergency

5   motion, the docket of the Kitsap County District Court, and the remaining record, does

6   hereby find and order as follows:

7       (1)    The R&R is **ADOPTED**;

8       (2)    Petitioner's federal habeas petition is **DISMISSED without prejudice**;

9       (3)    A Certificate of Appealability is **DENIED**;

10      (4)    Petitioner's *in forma pauperis* status is **REVOKED** for purposes of appeal;

11      (5)    Petitioner's emergency motion, Dkt. 32, is **DENIED as moot**; and

12      (6)    The Clerk shall enter **JUDGMENT** and close the case.

13      Dated this 6th day of February, 2020.

14

15

16                            BENJAMIN H. SETTLE

17                            United States District Judge

18

19

20

21

22